UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JEREMY JACKSON, individually and on behalf of all similarly situated,

        Plaintiff,

-against-

SHORE FUNDING SOLUTIONS, INC.;
And DOES 1 through 10, inclusive,
        Defendant,

Civil Action No.: 22-cv-00296

**ANSWER**

---

The Defendant, Shore Funding Solutions Inc. ("Defendant") through their attorney, Clifford Olshaker, P.C. as and for an answer respond to the allegations contained in the Complaint dated January 18, 2022 (the "Complaint") as follows:

1. Defendant admits that Plaintiff purports to bring this action for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, but denies and any all violations, liability and or damages to the extent alleged in Paragraph 1 of the Complaint.

2. Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

4. Defendant admits that Plaintiff purports to bring this action for alleged violations of the TCPA but denies any and all violations, liability, and or damages to the extent alleged in Paragraph 4 of the Complaint.

5. Defendant denies having knowledge and information sufficient to form a belief as to the truth of the contents of Paragraph 5 of the Complaint.

6. Defendant admits the allegations in Paragraph 6 of the Complaint for jurisdictional purposes only.

7. Paragraph 7 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

8. Defendant admits the allegations in Paragraph 8 of the Complaint for jurisdictional purposes only.

9. Paragraph 9 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

10. Defendant admits the allegations in Paragraph 10 of the Complaint for jurisdictional purposes only.

11. Paragraph 11 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

12. Paragraph 12 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

13. Paragraph 13 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

14. Paragraph 14 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

15. Paragraph 15 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

16. Paragraph 16 of the Complaint, and all of its unnumbered subsections, are legal conclusions that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

17.  Paragraph 17 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

18.  Paragraph 18 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

19.  Paragraph 19 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

20.  Paragraph 20 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

21.  Defendant denies having knowledge and information sufficient to form a belief as to the truth of the contents of Paragraph 21 of the Complaint.

22.  Defendant denies having knowledge and information sufficient to form a belief as to the truth of the contents of Paragraph 22 of the Complaint.

23.  Defendant denies the allegations in Paragraph 23 of the Complaint. Plaintiff uses the phone number (814) 876-0282 for commercial purposes in connection with Prudential First Choice Realty in State College, PA.

24.  Paragraph 24 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

25.  Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.  Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.  Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.  Defendant denies having knowledge and information sufficient to form a belief as to the truth of the contents of Paragraph 28 of the Complaint.

29. Defendant denies having knowledge and information sufficient to form a belief as to the truth of the contents of Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

34. Defendant denies having knowledge and information sufficient to form a belief as to the truth of the contents of Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies having knowledge and information sufficient to form a belief as to the truth of the contents of Paragraph 37 of the Complaint.

38. Defendant denies having knowledge and information sufficient to form a belief as to the truth of the contents of Paragraph 38 of the Complaint.

39. Defendant denies having knowledge and information sufficient to form a belief as to the truth of the contents of Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

41. Defendant denies having knowledge and information sufficient to form a belief as to the truth of the contents of Paragraph 41 of the Complaint.

42. Defendant denies having knowledge and information sufficient to form a belief as to the truth of the contents of Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies having knowledge and information sufficient to form a belief as to the truth of the contents of Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint

47. Paragraph 47 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

48. Paragraph 48 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

49. Defendant denies having knowledge and information sufficient to form a belief as to the truth of the contents of Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

54. Paragraph 54 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

55. Paragraph 55 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant admits that Plaintiff purports to bring this class action on behalf of herself and "Classes of similarly situated individuals" under the TCPA but denies and any all violations, liability and or damages to the extent alleged in paragraph 57 of the Complaint.

58. Defendant admits that Plaintiff is seeking damages on behalf of herself and the "Class" but denies that she and all others similarly situated are entitled to damages in any manner whatsoever as alleged in Paragraph 58 of the Complaint.

59. Defendant admits that Plaintiff is seeking to represent a Class as defined under rule 23 of the Federal Rules of Civil Procedure ("FRCP") but denies any and all violations, liability and or damages to the extent alleged in paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

61. Defendant denies the allegations in Paragraph 61 of the Complaint.

62. Defendant denies the allegations in Paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

64. Defendant denies the allegations in Paragraph 64 of the Complaint.

65. Defendant denies the allegations in Paragraph 65 including subsections a-g, inclusive, of the Complaint.

66. Defendant denies the allegations in Paragraph 66 of the Complaint.

67. Defendant denies the allegations in Paragraph 67 of the Complaint.

68. Defendant denies the allegations in Paragraph 68 of the Complaint.

69. Defendant denies the allegations in Paragraph 69 of the Complaint.

70. Defendant denies the allegations in Paragraph 70 of the Complaint.

71. Defendant denies the allegations in Paragraph 71 of the Complaint.

72. Defendant denies the allegations in Paragraph 72 of the Complaint.

73. Defendant denies the allegations in Paragraph 73 of the Complaint.

74. Defendant denies the allegations in Paragraph 74 of the Complaint.

75. Defendant denies the allegations in Paragraph 75 of the Complaint.

## COUNT I

76. The Defendant reasserts its responses to Paragraphs 1-75 of the Complaint as if fully incorporated herein.

77. Defendant denies the allegations in Paragraph 77 of the Complaint.

78. Defendant denies the allegations in Paragraph 78 of the Complaint.

79. Defendant denies the allegations in Paragraph 79 of the Complaint.

80. Defendant denies the allegations in Paragraph 80 of the Complaint.

81. Defendant denies the allegations in Paragraph 81 of the Complaint.

82. Defendant denies the allegations in Paragraph 82 of the Complaint.

## COUNT II

83. The Defendant reasserts its responses to Paragraphs 1-82 of the Complaint as if fully incorporated herein.

84. Paragraph 84 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

85. Paragraph 85 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

86. Defendant denies the allegations in Paragraph 86 of the Complaint.

87. Defendant denies the allegations in Paragraph 87 of the Complaint.

## COUNT III

88. The Defendant reasserts its responses to Paragraphs 1-87 of the Complaint as if fully incorporated herein.

89. Defendant denies the allegations in Paragraph 89 of the Complaint. Plaintiff uses the cell phone number referenced in the Complaint as a commercial number and is, accordingly, not afforded relief for Plaintiff's alleged violations (which Defendant denies) regarding numbers on the Do Not Call Registry.

90. Paragraph 90 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

91. Paragraph 91 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

92. The Defendant denies the allegations in paragraph 92 of the Complaint.

93. The Defendant denies the allegations in paragraph 93 of the Complaint.

94. The Defendant denies the allegations in paragraph 94 of the Complaint.

## COUNT IV

95. The Defendant reasserts its responses to Paragraphs 1-94 of the Complaint as if fully incorporated herein.

96. Paragraph 96 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

97. Paragraph 97 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

98. Paragraph 98 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

99. Paragraph 99 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

## COUNT V

100. The Defendant reasserts its responses to Paragraphs 1-100 of the Complaint as if fully incorporated herein.

101. Defendant denies the allegations in Paragraph 101 of the Complaint.

102. Paragraph 102 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

103. Paragraph 103 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

104. Paragraph 104 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

105. Paragraph 105 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

106. Defendant denies the allegations in Paragraph 106 of the Complaint.

107. Defendant denies the allegations in Paragraph 107 of the Complaint.

108. Defendant denies the allegations in Paragraph 108 of the Complaint.

## COUNT VI

109. The Defendant reasserts its responses to Paragraphs 1-109 of the Complaint as if fully incorporated herein.

110. Defendant denies the allegations in Paragraph 110 of the Complaint.

111. Paragraph 111 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

112. Paragraph 112 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

113. Paragraph 113 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

114. Paragraph 114 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

115. Defendant denies the allegations in Paragraph 115 of the Complaint.

116. Defendant denies the allegations in Paragraph 116 of the Complaint.

117. Defendant denies the allegations in Paragraph 117 of the Complaint.

## COUNT VII

118. The Defendant reasserts its responses to Paragraphs 1-117 of the Complaint as if fully incorporated herein.

119. Defendant denies the allegations in Paragraph 119 of the Complaint.

120. Paragraph 120 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

121. Paragraph 121 of the Complaint is a legal conclusion that the Defendant neither admits nor denies, and Defendant refers all questions of law to the Court.

122. Defendant denies the allegations in Paragraph 122 of the Complaint.

123. Defendant denies the allegations in Paragraph 123 of the Complaint.

124. Defendant denies the allegations in Paragraph 124 of the Complaint.

125. Defendant denies the allegations in Paragraph 125 of the Complaint.

## Prayer For Relief

126. Defendant denies that Plaintiff is entitled to the relief sought in Section A of the Prayer for Relief.

127. Defendant denies that Plaintiff is entitled to the relief sought in Section B of the Prayer for Relief.

128. Defendant denies that Plaintiff is entitled to the relief sought in Section C of the Prayer for Relief.

129. Defendant denies that Plaintiff is entitled to the relief sought in Section D of the Prayer for Relief.

130. Defendant denies that Plaintiff is entitled to the relief sought in Section E of the Prayer for Relief.

131. Defendant denies that Plaintiff is entitled to the relief sought in Section F of the Prayer for Relief.

132. Defendant denies that Plaintiff is entitled to the relief sought in Section G of the Prayer for Relief.

## Defendant's Affirmative Defenses

133. Plaintiff is ineligible to serve as class representative due to his prior egregious and unlawful conduct toward as officer of Defendant in prior litigation.

134. Plaintiff's claims may be barred in whole or in part by the doctrines of laches, estoppel, waiver and/or unclean hands.

135. Defendant does not use an Automatic Telephone Dialing System for the purposes of the TCPA.

136. Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are banned, in whole or in part, or are limited because the subject telephone calls (including but not limited to text messages and pre-recorded calls) constitute commercial speech protected by the First Amendment of the United States Constitution and the imposition of liability for such telephone calls violates the First Amendment right of Defendant.

137. Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or limited because Plaintiff and/or the putative classes Plaintiff seeks to represent lack standing to bring this action. Neither Plaintiff nor the putative class members suffered the requisite harm required to confer standing under Article III of the United States Constitution.

138. Defendant asserts that the Court lacks subject matter jurisdiction over this matter because the Telephone Consumer Protection Act (TCPA) is unconstitutional.

139. Plaintiff fails to state and cannot state a plausible claim for class relief pursuant to FRCP 23 in that, among other things, the claims Plaintiff seeks to assert cannot be common or typical of the claims of the putative class, and class relief is not superior to other available methods for fairly and efficiently adjudicating the claims Plaintiff seeks to assert. Accordingly, Plaintiff cannot satisfy the numerosity, commonality, typicality, and adequacy requirements for this case to proceed as a class action.

140. Plaintiff has suffered no injury in fact and as a result has no standing to pursue this action.

141. Plaintiff is a professional plaintiff in multiple TCPA cases and cannot demonstrate that he has suffered an injury in fact due to Defendant's alleged actions.

142. Assuming the Plaintiff suffered damages she has failed to mitigate his alleged damages and or take reasonable steps to avoid or reduce his alleged damages.

143. Plaintiff is barred from recovery in that any damage sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent, and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of the Defendant.

144. Plaintiff's claims are barred because Defendant was provided with "prior express consent" within the meaning of TCPA, 47 U.S.C. § 227(b)(1)(A), for any calls allegedly placed to the alleged cellular phone number at issue by any alleged automatic telephone dialing system.

145. Plaintiff has failed to state a claim against the Defendant upon which relief may be granted.

146. Plaintiff is precluded from any recovery from Defendant for a willful and knowing violation of the TCPA because any such violation (which Defendant denies occurred) would not have been willful or knowing.

147. The imposition of liability and/or statutory damages under TCPA as sought in the Complaint would violate provisions of the United States Constitution including the Due Process Clause.

148. Plaintiff's claims are barred to the extent that Plaintiff was not the intended called party, and on the basis that Plaintiff lacks standing to sue for the claims alleged.

149. Plaintiff's alleged damages are the result of acts or omissions committed by Plaintiff.

150. Plaintiff's claims may be barred in whole and part by the applicable statute of limitations.

151. Defendant expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

152. WHEREFORE, by reason of the foregoing, Defendant demands judgment as follows:

   A. Dismissing the Complaint in its entirety;
   B. Awarding legal fees, costs and disbursements in favor of the Defendants; and
   C. Such other and different relief as to the Court may seem just and proper.

Dated: Elmhurst, New York
       February 22, 2022

                                                                                    */s/ Clifford Olshaker*

Clifford Olshaker
*Attorney for Defendant*
*SHORE FUNDING SOLUTIONS INC.*
40-47 75th Street, Third Floor
Elmhurst, New York 11373
(718) 429-2505
Facsimile (718) 429-2096
cliffordolshaker@yahoo.com