

48 Wall Street, Suite 100
New York, New York 10005
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
www.kazlg.com

April 29, 2022

**VIA ECF**
Hon. Joan M. Azrack
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    Re:    *Jackson v. Shore Funding Solutions, Inc.*; Case No. 2:22-cv-00296-JMA-ST
             **Pre-Motion Conference Request**

Dear Judge Azrack:

Pursuant to Rule IV.B of this Court's Individual Rules, the plaintiff Jeremy Jackson ("Plaintiff") submits this pre-motion conference letter ("Letter") for his anticipated Motion to Strike the Affirmative Defenses or in the alternative for Judgment on the Pleadings (the "Motion"). Plaintiff further submits that the Letter along with any argument at the conference, may be construed, as the Motion itself. Plaintiff respectfully requests that the Court issue an order striking from Defendant's Answer (Dkt. No. 5): (i) the prayer for attorneys' fees (¶ 152); (ii) the mitigation of damages defense (¶ 142); and (iii) the reservation of rights to assert additional defenses (¶ 151). Alternatively, Plaintiff respectfully requests that the Court issue an Order granting judgment on the pleadings and dismissing such affirmative defenses.

## I.    Introduction

On January 19, 2022, Plaintiff filed a Class Action Complaint ("Complaint") against defendant, Shore Funding Solutions, Inc. ("Defendant") to stop Defendant's unsolicited telemarketing harassment. Plaintiff asserts violations of: (i) the Pennsylvania Telemarketer Registration Act ("TRA"; (ii) the Pennsylvania Unfair Trade and Practices and Consumer Protection Law, 73 P.S. §201-1 *et seq* ("PUTPCPL"); and (iii) the Telephone Consumer Protection Act, 47 U.S.C § 227, *et seq*. ("TCPA"). *See* Dkt. No. 1. On February 22, 2022, Defendant filed an Answer to the Complaint alleging, among other defenses: (i) a reservation of rights to assert additional defenses (¶ 151); (ii) a mitigation of damages defense (¶ 142), and (iii) a prayer for attorneys' fees (¶ 152). On March 22, 2022, Plaintiff and Defendant met and conferred regarding Plaintiff's anticipated Motion. Such efforts were unsuccessful. Thus, Plaintiff wishes to proceed with a Motion in order to dismiss Defendant's inappropriate request for attorneys' fees and improperly asserted affirmative defenses of mitigation of damages and reservation of rights.

## II.    Legal Standard

<u>Motion to Strike</u>

Although Rule 12(f)(2) calls for a motion to strike to be filed within 21 days after the service of the pleading or upon the court's own initiative at any time, "the Court's discretion renders th[is time] rule 'essentially unimportant.'" *Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D. 269, 271 (S.D.N.Y.1999). Thus, the Court has the authority to hear a motion to strike at any time after this time period. *Emmpresa Cubana Del Tabaco v. Culbro Corp.*, 213 F.R.D. 151, 155 (S.D.N.Y.2003); *see also*

*Williams v. Jader Fuel Co., Inc*., 944 F.2d 1388, 1399 (7th Cir. 1991) (courts have discretion to strike improper pleadings at any time, even if prompted to do so by an untimely party motion); *Balon v. Enhanced Recovery Company, Inc.*, 316 F.R.D. 96, 99 (M.D. Pa. 2016). Here, the Plaintiff endeavored to convince the Defendant that the subject affirmative defenses were insufficient. After such efforts failed, the Plaintiff made this Motion shortly thereafter. As such, the Plaintiff respectfully requests that this Court exercise its discretion in considering this motion to strike.

Under Federal Rule of Civil Procedure 12(f), the Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See McCaffery v. McCaffery*, 2012 WL 3260299, at *5 (E.D.N.Y. Aug. 8, 2012) (citing Fed. R. Civ. P. 12(f)). Courts apply the Rule 12(f) standard in motions to strike an affirmative defense for legal insufficiency, rather than Rule 12(b)(6), which is applied when a motion is filed to dismiss a claim or a counterclaim. *See* McCaffery, 2012 WL 3260299, at *5-6.

Motion for Judgment on the Pleadings

Rule 12(c) of the Fed. R. Civ. provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "'Pleadings' include both the 'complaint' and the 'answer to [the] complaint.'" *See Lively v. WAFRA Inv. Advisory Grp., Inc.,* 6 F. 4th 293, 301 (2d Cir. 2021) (citing Fed. R. Civ. P. 7(a)). "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." *Id*. (citations omitted). A judgment on the pleadings is properly granted when … there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks and citation omitted). Furthermore, Courts may grant a motion for judgment on the pleading with respect to affirmative defenses. *See e.g., Theatre Techniques, Inc. v. United Scenic Artists*, 1980 U.S. Dist. LEXIS 12208, at *2 (S.D.N.Y. June 27, 1980) (considering a motion for judgment on the pleadings in connection with affirmative defenses).

**III.   Argument**

    a.   **Mitigation of Damages**

Defendant's failure to mitigate affirmative defense (Dkt. No. 5, ¶ 142) should be dismissed with prejudice because failure to mitigate is immaterial to the TCPA, a strict liability statute. "The TCPA is essentially a strict liability statute" that "does not require any intent for liability except when awarding treble damages." *Jackson v. Caribbean Cruise Line, Inc*., 88 F. Supp. 3d 129, 134 (E.D.N.Y. 2015) (internal citations omitted); *see also, Springer v. Fair Isaac Corp*., No. 14-CV-02238-TLN-AC, 2015 U.S. Dist. LEXIS 154765, at *13 (E.D. Cal. Nov. 13, 2015) ("Because Plaintiff does not seek actual damages, only statutory damages, Defendant's sixteenth affirmative defense [failure to mitigate damages] does not apply."). Moreover, since the TCPA is a remedial statute that should be interpreted to protect consumers, any requirement of mitigation of damages undercuts this express purposes. *See Munro v. King Broad. Co.*, 2013 U.S. Dist. LEXIS 168308, *8 (W.D. Wash. Nov. 26, 2013) ("[T]he TCPA is a remedial statute passed to protect consumers from unwanted automated telephone calls and messages and should be construed in accordance with that purpose."). As such, Defendant's failure to mitigate affirmative defense should be stricken and/or dismissed with prejudice.

    **b.**    <u>**Reservation of Rights**</u>

Reservation of rights to assert additional affirmative defenses (*see* Dkt. No. 5, ¶ 151) is not actually an affirmative defense. Several District Courts have stricken such reservation of rights because it is not an affirmative defense, and it does not comport with Federal Rules of Civil Procedure regarding amending pleadings. *See e.g., Busher v. Barry,* 2019 U.S. Dist. LEXIS 172754, at *27 (S.D.N.Y. Mar. 12, 2019) (striking a defendant's reservation of rights from the Answer); *Sherman v. Yahoo*, 2015 WL 11237012, at * 10-11 (S.D. Cali. 2015) (striking reservation of rights to raise additional affirmative defenses, and stating, "Yahoo may assert additional defenses later if it amends its pleadings in compliance with the Federal Rules of Civil Procedure."); *see also*, *Vazquez v. Triad Media Solutions, Inc.*, 2016 U.S. Dist. LEXIS 3912, at *16 (D.N.J. Jan. 13, 2016) ("Plaintiff correctly claims that Fed. R. Civ. P. 8 does not allow a general reservation of affirmative defenses."). Thus, this asserted reservation of rights is improper and should therefore be dismissed with prejudice.

    **c.**    <u>**Prayer for Attorneys' Fees**</u>

Defendant has not and cannot point to any statutory basis for its prayer for attorneys' fees (Dkt. No. 5, ¶ 152) in this action. Courts do not generally award fees to prevailing defendants in the absence of a statutory or contractual fee-shifting provision. *See Ruckelshaus v. Sierra Club*, 463 U.S. 680, 683-84 (1983) (quoting *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)) (noting that under the American Rule, "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser"). The TCPA does include any fee shifting, nor does the PUTPCPL. *See e.g., Klein v. Vision Lab Telecomms.*, Inc., 399 F. Supp. 2d 528, 542 (S.D.N.Y. 2005) ("[A]bsent explicit congressional authorization, attorney's fees are generally not recoverable . . . [t]he TCPA makes no provision for attorney's fees or costs."); *Fazio v. Guardian Life Ins. Co. of Am.*, 2012 PA Super 273, 62 A.3d 396, 401 (noting a court may award attorneys' fees provided for under 73 P.S. § 201-9.2 "<u>to the plaintiff</u>"). Thus, this request for attorneys' fees should be dismissed at least without prejudice.

**IV.**    **Conclusion**

In sum, Plaintiff respectfully submits that all three of these purported affirmative defenses fail as a matter of law. And such inclusion prejudices the Plaintiff because it will needlessly increase the duration and expense of litigation. *See Estee Lauder, Inc. v. Fragrance Counter, Inc.*. 189 F.R.D. 269, 272 (S.D.NY. 1999) (explaining that when "the defense is insufficient as a matter of law, the defense should be stricken to eliminate the delay and unnecessary expense from litigating the invalid claim"). Thus, Plaintiff respectfully requests that the Court set a pre-motion conference. Should the Court decide to construe this Letter as the motion itself, however, Plaintiff respectfully requests that the Court issue an order granting Plaintiff's Motion in its entirety and striking from Defendant's Answer: (i) the prayer for attorneys' fees; (ii) the mitigation of damages defense; and (iii) the reservation of rights to assert additional defenses. Alternatively, Plaintiff respectfully requests that the Court issue an Order granting Plaintiff's request for Judgment on the Pleadings and dismiss such affirmative defenses.

    Respectfully submitted,

    <u>*Ross H. Schmierer, Esq.*</u>

    Jason Ibey, Esq (Admitted *Pro Hac Vice*)