# LAW OFFICE OF CLIFFORD OLSHAKER, P.C.

40-47 75TH STREET, 2ND FL
ELMHURST, NEW YORK 11373

PHONE: (718) 429-2505
FASCIMILE: (718) 429-2096
CLIFFORDOLSHAKER@YAHOO.COM

May 6, 2022

**Via ECF**

The Honorable Joan M. Azrack
U.S. District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:   Jackson v. Shore Funding Solutions, Inc.
      2:22-cv-00296-JMA-ST
      Opposition to Plaintiff's Pre-Motion Conference Request to Strike Defendant's
      Affirmative Defenses

Dear Judge Azrack:

I represent the Defendant Shore Funding Solutions, Inc. ("Shore Funding" or "Defendant") in connection with Jeremy Jackson's ("Jackson" or "Plaintiff") complaint alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq* ("TCPA"); the Pennsylvania Telemarketer Registration Act, 73 P.S. §§2241 – 2249 ("PTRA"); and the Pennsylvania Unfair Trade Practices Act and Consumer Protection Law, 73 P.S. §§201-1 - 201-9.2 ("PUTPA"). Plaintiff's complaint seeks five separate class certifications.[1] I submit this letter to the Court in opposition to Plaintiff's April 29, 2022 request for a pre-motion conference as part of Plaintiff's anticipated Motion to Strike three of Defendant's affirmative defenses pursuant to FRCP 12(f). For the following reasons the Court should decline to grant Plaintiff permission to file his contemplated motion.

**Procedural History**

Plaintiff filed his complaint on January 19, 2022 (**ECF 1**). After consenting to accept service of process on behalf of my client I filed an Answer on behalf of Shore Funding on February

---

[1] Jackson is a serial TCPA litigator both as a plaintiff and as plaintiffs' attorney.

22, 2022 (**ECF 5**). Such Answer contained 18 affirmative defenses including the three Plaintiff now wishes to strike. Such affirmative defenses are plead as follows:

1) Assuming the Plaintiff suffered damages he has failed to mitigate his alleged damages and or take reasonable steps to avoid or reduce his alleged damages. (¶ 142).
2) Defendant expressly reserves the right to assert such other and further affirmative defenses as may be appropriate. (¶ 151).
3) Defendant's prayer for relief requested, *inter alia*, that the Court award legal fees, costs and disbursements in favor of the Defendant. (¶ 152).

On March 29, 2022 attorneys for the parties were present for an initial conference before Hon. Steven Tiscione after which he issued a discovery order dividing discovery into Phase I which will last until May 30, 2022 to be followed by and Phase II (**ECF 12**). Plaintiff filed its letter request for a Pre-Motion Conference to Strike on April 29, 2022, in the midst of Phase I Discovery (**ECF 13**).

Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," either on its own motion or on motion by a party made either before responding to the pleading in question or, if no response is allowed, then within 21 days of being served with that pleading. Fed. R. Civ. P. 12(f).

## I.   Plaintiff's Motion is Not Timely

Rule 12(f)(2) requires a motion to strike to be brought "within 21 days" after the service of the pleadings. While federal courts possess the authority to strike a pleading on their own accord at any time, the Plaintiff has provided no reason why their request was not made within the timeframe established by Rule 12(f).

Defendant's answer was filed and served on February 22, 2022, Plaintiff's request for a pre-motion conference was filed on April 29, 2022, 66 days after service of Defendant's answer. Plaintiff's letter motion claims his attorneys conferred with the undersigned on March 22, 2022 and were unable to reach an accord on Defendant's affirmative defenses. Such phone call took place 38 prior to the filing of the conference request. Nowhere in his letter does Plaintiff even attempt to explain why he failed to move within the 21 days permitted by Rule 12(f). Plaintiff is content to assume the Court will save him from his failure to act in a punctual manner. It is submitted that the Court should not indulge tardiness absent a compelling reason for it to do so and that no such reason has been put forth by Plaintiff in this case.

## II.   Standard of Review

It is well-established in the Second Circuit that "[a] motion to strike an affirmative defense under Rule 12(f), Fed.R.Civ.P. for legal insufficiency is not favored." William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984), *vacated on other grounds*, 478 U.S. 1015 (1986); *see also* SEC v. Toomey, 866 F. Supp. 719, 721-22 (S.D.N.Y. 1992); Carter-Wallace, Inc. v. Riverton Labs., Inc., 47 F.R.D. 366, 367-68 (S.D.N.Y. 1969).

Three prerequisites must be satisfied before a motion to strike an affirmative defense will be granted. First, a motion to strike an affirmative defense "will not be granted 'unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.'" Salcer, 744 F.2d at 939 (*quoting* Durham Indus. v. North River Ins. Co., 482 F. Supp. 910, 913 (S.D.N.Y. 1979)); *see also* Morse/Diesel Inc. v. Fidelity & Deposit Co., 763 F. Supp. 28, 34 (S.D.N.Y. 1991). To this end, defendant's pleadings must be construed liberally. *See* Bennett v. Spoor Behrins Campbell & Young, Inc., 124 F.R.D. 562, 564 (S.D.N.Y. 1989); Oliner v. McBride's Indus., Inc., 106 F.R.D. 14, 17 (S.D.N.Y. 1985).

Second, "even when the facts are not disputed, . . . a motion to strike for insufficiency was never intended to furnish an opportunity for the determination of disputed and substantial questions of law[,] . . . particularly [when] there has been no significant discovery." Salcer, 744 F.2d at 939 (citations and internal quotation marks omitted).

Third, plaintiff must show that it is prejudiced by the inclusion of the defense. *See* Oliner, 106 F.R.D. at 17; *see also* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1381, at 672 (2d ed. 1990). Increased time and expense of trial may constitute sufficient prejudice to warrant granting plaintiff's Rule 12(f) motion. When "the defense is insufficient as a matter of law, the defense should be stricken to eliminate the delay and unnecessary expense from litigating the invalid claim." FDIC v. Eckert Seamans Cherin & Mellott, 754 F. Supp. 22, 23 (E.D.N.Y. 1990); *see also* Metric Hosiery Co. v. Spartans Indus., Inc., 50 F.R.D. 50, 51-52 (S.D.N.Y. 1970).

### III. Discussion

#### a. Mitigation of Damages

Plaintiff's prayer for relief seeks "up to $1500 in statutory damages, for each and every violation" alleged in the complaint (**ECF 1; pg. 22**). The TCPA ordinarily allows for damages in the amount of $500 per violation. Trebling such damages is only appropriate if a defendant was found to have acted "willfully or knowingly." 47 U.S.C. § 227(b)(3)(C). In his Complaint, Jackson admits to have taken affirmative steps to speak with Shore Funding's sales personnel by "interact[ing] with the prerecorded message." (**ECF 1; ¶¶ 37-39**). Nowhere in the Complaint does Jackson allege that he instructed Shore Funding to stop calling him; he is equally silent as to whether he took steps to block calls from the Defendant. Jackson's actions and inactions (i.e., what steps he took to mitigate damages) are directly relevant to the issue of whether Shore Funding acted willfully or knowingly when they allegedly called him and, in turn, whether the appropriate measure of potential damages is $500 or $1500 per violation. Striking Defendant's affirmative defense regarding Plaintiff's failure to mitigate damages or take reasonable steps to avoid being called would have the effect of determining a substantial question of law, prior to discovery, and could have a meaningful impact in the calculation of possible damages; is accordingly prohibited under second circuit precedent. *See* Salcer, 744 F.2d 935.

**b. Reservation of Rights to Assert Additional Affirmative Defenses**

Plaintiff has failed to demonstrate how he is prejudiced by Shore Funding's reservation of its right to assert additional affirmative defenses as the litigation proceeds. As we are only in the middle of Phase I of the discovery process and Defendant has not sought to add any affirmative defenses the Court should decline to strike such affirmative defense from Defendant's answer. This very Court has refused to strike an identical affirmative defense pursuant to Rule 12(f) at the identical stage of the case. Judge Spatt ruled "[t]he Court finds the issue not ripe for adjudication, as the defendants are not currently seeking to amend their answers to assert additional affirmative defenses. The Court therefore declines to rule on the issue." Metso Mins., Inc. v Powerscreen Intl. Distrib., Ltd., 681 F Supp 2d 309, 336 (EDNY 2010).

**c. Defendant's Prayer for Attorneys' Fees**

Plaintiff's complaint seeks damages under two Pennsylvania State Statutes, the TRA and the PUTPA. While such statutes may not specifically authorize an award of attorney's fees the state of Pennsylvania has codified the rights of litigants to receive counsel fees if a lawsuit is found to have been brought for a variety of improper reasons. 42 Pa.C.S.A. § 2503(9) provides that litigants shall be entitled to a reasonable counsel fee as if "the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith." If this Court eventually finds that Plaintiff's claims under the TRA or the PUTPA were sufficiently lacking in merit Defendant would be entitled to make a claim for attorney's fees within this case under 42 Pa.C.S.A. § 2503(9) as such claims are held not to constitute a separate cause of action "but rather, a matter that is connected but ancillary to the underlying action." Szwerc v. Lehigh Valley Health Network, Inc., 2020 Pa. Super. Ct. 160. Accordingly, there exists a statutory basis for Defendant's prayer for an award of attorney's fees and the Court should decline Plaintiff's request to strike such prayer from Defendant's answer. Striking Defendant's prayer for attorney's fees would amount to determining a substantial question of law prior to discovery and runs counter to Second Circuit precedent. Salcer, 744 F.2d 935.

Based upon the foregoing the Court should decline Plaintiff's request for a pre-motion conference and permit Defendant's answer to stand in its entirety.

Sincerely,

Clifford Olshaker